Leonard L. Finz, J.
That which remains of sufficient judicial interest on this motion seeking summary judgment under CPLR 3212 is whether the same liability insurance carrier, which insures the two separately named defendants in a two-car accident, is the real party in interest (within the framework of Dobbin v. Chapman, 21 N Y 2d 490).
Plaintiff was a passenger in one of the defendant vehicles when it struck the rear of the other defendant vehicle (both owners being insured by the same liability insurance carrier). There is no question but that the accident was caused by the negligence of either or both of the defendants without any contributory negligence on the part of the plaintiff. Those facts, by themselves would lead to a summary denial of the relief requested without the necessity of further elaboration. The uniqueness of this motion, however, is the urging by plaintiff that the insurance carrier is the real party in interest and as such liable to the plaintiff, notwithstanding the absolute negligence of either or both defendants. In support of this proposition, movant relies upon the doctrine set forth by the Court of Appeals in Dobbin v. Chapman (21 N Y 2d 490, [supra]).
Although the argument advanced is of interest, the court disagrees with movant’s contentions, as they relate to the application of Dobbin v. Chapman. In the Dobbin case, the Court of Appeals held that a specialized type of service of process was valid, and that for the purpose of acquiring jurisdiction, the *103 insurance carrier of the defendant was ‘ ‘ the real party in interest in all hut form ” (p. 505) (emphasis supplied). The rationale that permeates throughout the learned court’s opinion in Doh-kin is seated in the urgency of providing a remedy to an aggrieved party who otherwise would be without one forever. That which compelled the Dohkin doctrine however, does not exist here, since a denial of the relief sought in the instant matter would still leave the plaintiff with his ultimate remedy of a trial. It therefore would appear to this court that the Dohkin •decision does not transcend the unique jurisdictional and constitutional issues raised under CPLR 313 and 308 (subd. 4), (both sections of which refer to service of process) thereby making the applicability of Dohkin to the instant situation (seeking accelerated judgment) highly questionable and readily tenuous.
The “ real party in interest ” theory, if enlarged and extended to the instant situation, would face many problems, which -in this court’s opinion would lead to its demise if applied as requested. Some of these problems follow:
1. The liability coverage of each defendant may be different, and as such, an equal payment of a judgment obtained may be impossible should the judgment exceed the policy limits.
2. Each defendant has the right to keep free of any insurance premium “ surcharge ” should he be chargeable on the question of his own negligence, and as such is equally entitled to have that issue litigated as a question of fact.
3. Each defendant has the right to protect against the imposition of any judgment against him notwithstanding payment of that judgment by the carrier.
Perhaps, in the interests of justice, some procedure that would expedite the claim of the “ innocent plaintiff ” (as in the instant action) should be adopted by the Legislature — but in the absence of any acceleration device, the relief sought herein must yield to the application of established principles of law.
There remains no question, however, but that the plaintiff in the instant action did not, by her own negligence, contribute to the happening of the accident, and to that extent this issue is removed from consideration at the time of trial.
The court omits any discussion concerning issues of negligence of one defendant as opposed to the other, since the affidavits submitted raise questions of fact which cannot be decided summarily and without a trial of the issues raised.
Accordingly, this motion is denied.